12-3275
Chen v. Holder

BIA
Christensen, IJ
A087 980 894

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
         REENA RAGGI,
         RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

CAI HUA CHEN,
      *Petitioner,*

      v.                            12-3275
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Ramesh K. Shrestha, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Cai Hua Chen, a native and citizen of the People's Republic of China, seeks review of a July 24, 2012 order of the BIA affirming the February 4, 2011 decision of Immigration Judge ("IJ") Jesse B. Christensen, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Cai Hua Chen*, No. A087 980 894 (B.I.A. July 24, 2012), *aff'g* No. A087 980 894 (Immig. Ct. N.Y. City Feb. 4, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Chen's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of

the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

As a preliminary matter, the BIA did not err in denying asylum based on the IJ's adverse credibility determination. Although the BIA may not make findings of fact, 8 C.F.R. § 1003.1(d)(3)(iv), here, it relied only on the IJ's findings that Chen lacked credibility and did not independently corroborate her testimony to determine that she failed to establish her eligibility for asylum, *see id.* § 1208.13(a).

Moreover, the adverse credibility determination is supported by substantial evidence. The agency reasonably based its credibility finding on the inconsistency between Chen's testimony that she hid in her sister's home after she removed her intrauterine device in October 2004 and her application statement that she hid there after discovering her

3

second pregnancy in January 2005. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167 (providing that an IJ may support an adverse credibility determination with "any inconsistency"). The IJ reasonably rejected Chen's explanation that she did not prepare her application with detail, given that her application clearly states that she hid in her sister's home to evade detection of her second pregnancy. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The adverse credibility determination is also supported by the IJ's observation that Chen was evasive and hesitant while testifying to how she hired a smuggler and the age of her eldest son. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (upholding a negative demeanor finding when supported by specific instances of inconsistent testimony). Although Chen argues that her delay in stating her son's age was due to difficulty converting dates from the Chinese to the U.S. calendar, the IJ was not required to credit this explanation as the record indicates that it was the IJ who, with the aid of the interpreter, converted the age. *See Majidi*, 430 F.3d at 80-81.

Chen also argues that the BIA erroneously required her to provide corroborating documents from her persecutor by finding

4

that the sterilization document did not rehabilitate her testimony. To the contrary, the BIA relied on the lack of corroboration only to affirm the IJ's determination that Chen's non-credible testimony and documentary evidence did not satisfy her burden of proof. Chen's failure to submit independent, reliable corroborating evidence made her unable to rehabilitate her testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006).

Given the inconsistent dates and Chen's problematic demeanor, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Chen's life or freedom based on her violation of China's family planning policy depended upon her credibility, the adverse credibility determination in this case necessarily precludes all forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Chen additionally argues that she established her eligibility for relief from removal because she would be arrested, detained, and harmed based on her illegal departure from China. However, prosecution for illegal departure does not constitute persecution absent evidence that prosecuting authorities have a motive other than law enforcement, which

5

Chen did not allege. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992). Nor did Chen submit particularized evidence that she would be intentionally tortured. *See Pierre v. Gonzales*, 502 F.3d 109, 121 (2d Cir. 2007); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 157-60 (2d Cir. 2005). Accordingly, the agency did not err in denying relief based on Chen's illegal departure. *See* 8 U.S.C. § 1158(b); 8 C.F.R. §§ 1208.16(b)-(c), 1208.17(a).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court